Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 07-1243

DIGNA GUERRERO,

Plaintiff, Appellant,

v.

OFFICER DANIEL RYAN,
in his individual and official capacity;
CITY OF BOSTON,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella, Circuit Judge,
and Schwarzer,[*] Senior District Judge.

Héctor E. Piñeiro with whom Robert H. Beadel was on brief
for appellant.
Stephen G. Cox for appellees.

October 5, 2007

_____

[*]Of the Northern District of California, sitting by
designation.

**SCHWARZER**, <u>Senior District Judge</u>.   Plaintiff-appellant Digna Guerrero ("Guerrero") appeals the order denying her motion for judgment as a matter of law, or in the alternative, for a new trial, pursuant to Fed. R. Civ. P. 50(b) and 59.  Because Guerrero has not shown that a reasonable jury could not have had a legally sufficient basis on which to base its verdict, and because any errors did not cause prejudice or a "miscarriage of justice," we affirm.

Guerrero alleges that on June 22, 2000, defendant-appellee Officer Daniel Ryan ("Ryan") and his partner, Officer Thomas Kearny, came to her apartment and confronted her about an incident involving Guerrero and her downstairs neighbor.  Guerrero claims that Ryan repeatedly told her to "shut up" when she tried to explain what had happened, grabbed her by the neck and arm, dragged her downstairs to the neighbor (who was at that time in another neighbor's apartment), threatened her, pushed her onto her knees and demanded that she apologize.

Ryan's account of these events is that he and Kearny asked Guerrero about a complaint from her downstairs neighbor that Guerrero had taken the neighbor's grandson's toys and told the neighbor to "shut up" numerous times.  Ryan told Guerrero that she should not speak to people in this way, and asked her to go downstairs and apologize.  Guerrero then went downstairs by herself, and upon her return told Ryan that she had apologized.

Ryan and Kearny then left.

On May 27, 2003, Guerrero, acting through her mother, filed a complaint in Massachusetts state court alleging that Ryan and Kearney had violated her rights under 42 U.S.C. § 1983 and the Massachusetts Civil Rights Acts, Mass. Gen. Laws ch. 12 § 11H, and that the officers were liable for intentional infliction of emotional distress. Guerrero also alleged liability on the part of the City of Boston. On July 1, 2003, the City of Boston removed the case to federal court, where the claims were bifurcated and the instant case proceeded against the two officers. On July 16, 2006, Guerrero dismissed her claims against Kearney and amended her complaint, making a § 1983 claim only against Ryan, and naming herself the plaintiff, as she had reached majority.

Ryan's trial began on July 17, 2006, and included five witnesses for Guerrero and seven witnesses for Ryan, as well as seventy exhibits. The jury returned a verdict for Ryan after less than two hours of deliberation, and judgment was entered on July 25, 2006. On July 28, 2006, Guerrero filed a "Motion JNOV, or in the Alternative, Motion for New Trial Pursuant to Fed. R. Civ. P. 50(b) and 59." After hearing oral argument, the district court denied the motion on November 9, 2006. Guerrero filed a timely notice of appeal on December 6, 2006.

A district court's denial of a Rule 50 motion for judgment as a matter of law will be sustained "unless the evidence,

together with all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely, that the moving party was entitled to judgment." PH Group Ltd. v. Birch, 985 F.2d 649, 653 (1st Cir. 1993) (citation omitted). Ryan presented a significant amount of evidence supporting his version of events, including two eye-witnesses and expert testimony about Guerrero's mental state. Guerrero made no attempt to demonstrate that the evidence could only have led a reasonable person to find for her, and her appeal cannot succeed on this basis.

Guerrero also argues that a new trial is merited under Fed. R. Civ. P. 59 because of the admission of testimony that (1) briefly mentioned previous lawsuits brought by Guerrero's mother, Nieves Valenzuela ("Valenzuela"); (2) suggested that Valenzuela had not been truthful in the past; and (3) referred to the fact that on one occasion the Massachusetts Department of Social Services ("DSS") took custody of Guerrero for about a month. In addition, Guerrero claims that the court below erred in allowing Ryan's attorney, during closing arguments, to refer to the potential for Ryan to lose his job.

The trial judge never made a definitive ruling on Guerrero's motion in limine to exclude some of the challenged testimony, opting to take a "wait and see" approach. Where there has only been a provisional ruling on a motion in limine, a party must renew its motion to exclude evidence at trial, or review will

-4-

be for plain error.  Crowe v. Bolduc, 334 F.3d 124, 133 (1st Cir. 2003).  Guerrero points to two objections at trial, one for lack of foundation, and one based on the purportedly argumentative nature of a piece of testimony.  None of the challenges to the testimony in question here are based on these grounds, and the trial transcript shows that Guerrero failed to make the required contemporaneous objections.  We therefore review for plain error. Under plain error review, this court "consider[s] a forfeited objection only if: (1) an error was committed; (2) the error was 'plain' (i.e. obvious and clear under current law); (3) the error was prejudicial (i.e. affected substantial rights); and (4) review is needed to prevent a miscarriage of justice."  Smith v. Kmart Corp., 177 F.3d 19, 26 (1st Cir. 1999).

We do not decide whether admission of the testimony challenged by Guerrero constitutes error, or whether any error is plain or prejudicial, because Guerrero cannot satisfy the "miscarriage of justice" requirement.  The jury considered a great deal of contradictory evidence from both sides, and evidence of Valenzuela's purported litigiousness or untruthfulness, or Guerrero's encounter with DSS, cannot be said to have "resulted in a miscarriage of justice or seriously affected the fairness, integrity or public reputation of the judicial proceedings." Smith, 177 F.3d at 28 (internal quotation and citation omitted). It is difficult to see how the admission of testimony that briefly

-5-

referred to Guerrero's mother in an unflattering light could have had such a large effect on a trial whose essence was the credibility of the plaintiff, defendant, and witnesses.

Guerrero's final argument is that defense counsel's closing argument was improper because counsel posed the rhetorical question, "Why would [Ryan] risk everything, his job, his career, his pension...?" Guerrero did not make a contemporaneous objection to this remark, and review is once again for plain error. Smith, 177 F.3d at 25. It is highly improbable that this stray remark over the course of counsel's lengthy summation affected the jury's verdict, and its admission can hardly be said to constitute a "miscarriage of justice" in the context of the competing stories the jury considered.

AFFIRMED.